Elston v. Venegersky

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of September, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
            GERARD E. LYNCH,
                    *Circuit Judges*.
            PAUL A. ENGELMAYER,[1]
                    *District Judge*.

---

AISHA ELSTON,

                    *Plaintiff-Appellant*,

            v.                                          16-1378-cv

ALAN VENGERSKY, CITY OF NEW YORK,[2]
                    *Defendants-Appellees*.

---

Appearing for Appellant:     Aisha Elston, pro se, Bronx, N.Y.

Appearing for Appellee:      Jeremy W. Shweder, Assistant Corporation Counsel (Deborah A. Brenner, Assistant Corporation Counsel, *on the brief*), *for* Zachary

---

[1] Judge Paul A. Engelmayer, United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of the Court is directed to amend the caption as above.

1

W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Amon, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Aisha Elston appeals from the March 29, 2016 judgment of the United States District Court for the Eastern District of New York (Amon, *J.*), dismissing her complaint brought pursuant to 42 U.S.C. § 1983. Elston sued the City of New York and former deputy commissioner of the New York City Department of Corrections ("DOC") Alan Vengersky, asserting that she had been fired from her position as a DOC correctional officer, in violation of her right to due process and her contract with the DOC. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo a district court's grant of summary judgment. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013). Upon review, we conclude that the district court properly granted summary judgment to the defendants. Although Elston was a tenured employee, who had a protected interest in her continued employment, she knowingly and voluntarily waived her tenure rights by signing her limited probation agreement with the DOC. *See DeMichele v. Greenburgh Cent. Sch. Dist. No. 7*, 167 F.3d 784, 789 (2d Cir. 1999); *Am. Broad. Cos., Inc. v. Roberts*, 61 N.Y.2d 244, 249-50 (1984). Thus, she was not entitled to pre-deprivation hearing and could only challenge her termination though an Article 78 proceeding. *See Finley v. Giacobbe*, 79 F.3d 1285, 1292-93 (2d Cir. 1996*); see also Locurto v. Safir*, 264 F.3d 154, 175 (2d Cir. 2001) (determining that an Article 78 proceeding "constitutes a wholly adequate post-deprivation hearing for due process purposes," even when the challenged conduct was not random and unauthorized).

We have considered the remainder of Elston's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk